Jonah A. Grossbardt (State Bar No. 283584)
**SRIPLAW**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.364.6565 – Telephone
561.404.4353 – Facsimile
jonah.grossbardt@sriplaw.com

Attorneys for Defendant
HAROLD PARKER SR.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REVIVERMX, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>HAROLD PARKER SR.,<br><br>Defendant. | Case No.: 3:20-cv-08490-VC<br><br>**DEFENDANT HAROLD PARKER SR.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF REVIVERMX, INC.'S COMPLAINT OF PATENT INFRINGEMENT** |

Defendant Harold Parker Sr. ("Parker"), by and through his undersigned counsel, files this Answer to Plaintiff ReviverMX, Inc.'s ("ReviverMX") Complaint and states as follows:

**ANSWER**

1. Parker denies the allegations of paragraph one of the complaint because ReviverMX infringes U.S. Patent No. 7,096,102 ("'102 Patent" or "Patent-in-Suit").

2. Parker admits as alleged in paragraph two that ReviverMX seeks a declaratory judgment, but denies ReviverMX's non-infringement allegations.

3. Parker admits the allegations of paragraph three for jurisdictional purposes.

SRIPLAW
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

4. Parker admits as alleged in paragraph four of the complaint that he previously sued ReviverMX for infringement, but dismissed the prior lawsuit without prejudice.

5. Parker admits as alleged in paragraph five of the complaint that he previously sued ReviverMX for infringement, but dismissed the prior lawsuit without prejudice.

6. Parker admits as alleged in paragraph six of the complaint that he previously sued ReviverMX for infringement, but dismissed the prior lawsuit without prejudice.

7. Parker admits as alleged in paragraph seven that he published a video on YouTube and made statements on social media that ReviverMX infringes the patent-in-suit because that is true.

8. Parker admits as alleged in paragraph eight that he published a video on YouTube and made statements on social media that ReviverMX infringes the patent-in-suit because that is true.

9. Parker has no personal knowledge of ReviverMX's corporate status as alleged in paragraph nine.

10. Parker admits he lives in North Carolina as alleged in paragraph ten.

11. Parker admits the allegations in paragraph eleven for jurisdictional purposes.

12. Parker denies he is subject to personal jurisdiction in California but consents to jurisdiction in California for purposes of this lawsuit only.

13. Parker denies he is subject to personal jurisdiction in California but consents to jurisdiction in California for purposes of this lawsuit only.

14. Parker denies venue is proper over him in this district generally but he consents to venue for purposes of this lawsuit only.

15. Parker admits that the '102 patent, entitled "Motor Vehicle License Plate with Integral Wireless Tracking and Data Dissemination Device," was issued on August

22, 2006 to him and that he is the owner of the entire right, title, and interest in the '102 Patent.

16. Parker repeats and realleges the allegations of paragraphs 1 through 15 in response to paragraph 16.

17. Denied.

18. Denied.

19. Admitted.

20. Denied.

## COUNTERCLAIM FOR PATENT INFRINGEMENT

## COUNT I

21. This is an action for patent infringement of United States Patent Number 7,096,102 arising under the patent laws of the United States Title 35, United States Code §§ 1 et seq.

22. Parker is the inventor of U.S. Patent No. 7,096,102 ("'102 Patent" or "Patent-in-Suit") entitled "Motor Vehicle License Plate with Integral Wireless Tracking and Data Dissemination Device," issued on August 22, 2006.

23. Parker is the owner of the entire right, title, and interest in the '102 Patent.

24. The '102 Patent discloses a digital license plate for a motor vehicle.

25. Within the six years preceding the filing of this counterclaim, ReviverMX directly infringed at least claim one of the '102 Patent by making, using, importing, offering for sale and selling a digital license plate called the ReviverMX RPlate Pro.

26. The ReviverMX RPlate Pro infringes at least claim 1 of the '102 Patent as described in the Claim Chart attached hereto as Exhibit 1.

27. ReviverMX's activities alleged have been without license, permission, or authorization from Parker.

28. The activities of ReviverMX as set forth in this Count have been to the injury, detriment and irreparable harm to Parker.

SRIPLAW
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

SRIPLAW
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

## COUNT II

29. This is an action for patent infringement of United States Patent Number 7,096,102 arising under the patent laws of the United States Title 35, United States Code §§ 1 et seq.

30. Parker is the inventor of U.S. Patent No. 7,096,102 ("'102 Patent" or "Patent-in-Suit") entitled "Motor Vehicle License Plate with Integral Wireless Tracking and Data Dissemination Device," issued on August 22, 2006.

31. Parker is the owner of the entire right, title, and interest in the '102 Patent.

32. The '102 Patent discloses a digital license plate for a motor vehicle.

33. Within the six years preceding the filing of this counterclaim, ReviverMX indirectly infringed at least claim one of the '102 Patent by requesting and encouraging and inducing customers to purchase and use the digital license plate made, imported, offered for sale and sold by ReviverMX called the ReviverMX RPlate Pro.

34. The ReviverMX RPlate Pro infringes at least claim 1 of the '102 Patent as described in the Claim Chart attached hereto as Exhibit 1.

35. ReviverMX's activities alleged have been without license, permission, or authorization from Parker.

36. The activities of ReviverMX as set forth in this Count have been to the injury, detriment and irreparable harm to Parker.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Harold Parker demands judgment and relief against ReviverMX, Inc. and respectfully requests that the Court:

A. Enter a finding of infringement under the patents asserted in this counterclaim;

SRIPLAW
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

B. Award in favor of Parker and against ReviverMX such damages as Plaintiff may have suffered but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284;

C. Award in favor of Parker and against ReviverMX an enhancement of damages;

D. Find that this is an exceptional case;

E. Enter an injunction preliminarily and permanently enjoining infringement;

F. Award Parker his attorneys' fees against ReviverMX under 35 U.S.C. § 285;

G. Award Parker his costs against ReviverMX, and

H. Award in favor of Parker and against ReviverMx such other and further relief as to the Court appears just and proper.

**JURY DEMAND**

Harold Parker Sr. hereby demands a trial by jury of all issues so triable.

DATED: April 16, 2021

*/s/ Jonah A. Grossbardt*
JONAH A. GROSSBARDT
**SRIPLAW**
Attorneys for Defendant Harold Parker Sr.