PILLSBURY WINTHROP SHAW PITTMAN LLP
MICHAEL E. ZELIGER (SBN 271118)
michael.zeliger@pillsburylaw.com
AUDREY LO (SBN 253738)
audrey.lo@pillsburylaw.com
2550 Hanover Street
Palo Alto, CA 94304-1115
Telephone: 650.233.4500
Facsimile: 650.233.4545

Attorneys for Plaintiff
REVIVERMX, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REVIVERMX, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>HAROLD PARKER, individually,<br><br>Defendant. | Case No. 20-cv-08490-VC<br><br>**REVIVERMX, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO HAROLD PARKER'S COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ReviverMx, Inc. ("Plaintiff" or "Reviver") hereby responds to Defendant Harold Parker's ("Defendant") Answer to Reviver's Complaint of Patent Infringement ("Counterclaims"). Dkt. 25. ReviverMx answers and avers as follows, with the numbered paragraphs corresponding to the like-numbered paragraphs of Mr. Parker's Counterclaims. Allegations not expressly admitted herein are denied.

**COUNT I**

21. Reviver admits that Mr. Parker brings an action for patent infringement of United States Patent Number 7,096,102 arising under the patent laws of the United States Title 35, United States Code §§ 1 et seq. Reviver denies the remaining allegations set forth in ¶ 21.

22. Reviver admits that, on the face of U.S. Patent No. 7,096,102 ("'102 Patent" or "Patent-in-Suit"), Mr. Parker is listed as the inventor. Reviver further admits that, on its face, Patent-in-Suit is entitled "Motor Vehicle License Plate with Integral Wireless Tracking and Data Dissemination Device," and was issued on August 22, 2006. Reviver denies the remaining allegations set forth in ¶ 22.

23. Reviver lacks sufficient factual basis to determine the accuracy of the allegations set out in ¶ 23, and therefore denies each of the allegations in ¶ 23.

24. Reviver denies the allegations set forth in ¶ 24.

25. Reviver denies the allegations set forth in ¶ 25.

26. Reviver denies the allegations set forth in ¶ 26.

27. Reviver denies the allegations set forth in ¶ 27.

28. Reviver denies the allegations set forth in ¶ 28.

## COUNT II

29. Reviver admits that Mr. Parker brings an action for patent infringement of United States Patent Number 7,096,102 arising under the patent laws of the United States Title 35, United States Code §§ 1 et seq. Reviver denies the remaining allegations set forth in ¶ 29.

30. Reviver admits that, on the face of U.S. Patent No. 7,096,102 ("'102 Patent" or "Patent-in-Suit"), Mr. Parker is listed as the inventor. Reviver further admits that, on its face, Patent-in-Suit is entitled "Motor Vehicle License Plate with Integral Wireless Tracking and Data Dissemination Device," and was issued on August 22, 2006. Reviver denies the remaining allegations set forth in ¶ 30.

31. Reviver lacks sufficient factual basis to determine the accuracy of the allegations set out in ¶ 31, and therefore denies each of the allegations in ¶ 31.

32. Reviver denies the allegations set forth in ¶ 32.

33. Reviver denies the allegations set forth in ¶ 33.

34. Reviver denies the allegations set forth in ¶ 34.

35. Reviver denies the allegations set forth in ¶ 35.

36. Reviver denies the allegations set forth in ¶ 36.

**PRAYER FOR RELIEF**

37. Reviver denies that Mr. Parker is entitled to any of the relief set forth in the Prayer for Relief.

**JURY DEMAND**

38. Mr. Parker's demand for jury trial is a legal statement that Reviver can neither admit nor deny.

**REVIVER'S AFFIRMATIVE DEFENSES**

39. Reviver incorporates by reference the foregoing paragraphs in their entirety and asserts the following defenses. By asserting the defenses, Reviver does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear. Reviver reserves the right to amend its answer and defenses as additional information becomes available.

**FIRST AFFIRMATIVE DEFENSE**

40. The Counterclaims fail to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

41. Reviver has not directly or indirectly infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Patent-in-Suit.

**THIRD AFFIRMATIVE DEFENSE**

42. Mr. Parker's purported claims are barred, in whole or in part, because one or more claims of the Patent-in-Suit are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 1 et seq., including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 119, and/or 120, the judicial doctrine of double patenting, and the rules, regulations and laws pertaining thereto.

**FOURTH AFFIRMATIVE DEFENSE**

43. Upon information and belief, Mr. Parker's claims for recovery are barred, in whole or in part, by the doctrines of laches, estoppel, or other equitable defenses.

**FIFTH AFFIRMATIVE DEFENSE**

44. To the extent that Mr. Parker or Mr. Parker's licensees have failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Reviver's actions allegedly infringe any of the patents in suit, Reviver is not liable to Mr. Parker for

the acts alleged to have been performed before Reviver received actual notice that it was alleged to have infringed any of the patents in suit.

**SIXTH AFFIRMATIVE DEFENSE**

45. To the extent Mr. Parker seeks damages for alleged infringement more than six years before the filing of the present litigation, Mr. Parker's claims are barred, in whole or in part, by the statute of limitations set forth in 35 U.S.C. § 286.

**SEVENTH AFFIRMATIVE DEFENSE**

46. Reviver has engaged in all relevant activities in good faith, thereby precluding Mr. Parker, even if it prevails, from proving that this is an exceptional case justifying a recovery of its reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

**EIGHTH AFFIRMATIVE DEFENSE**

47. By reason of the prior art and/or statements and representations made to and by the U.S. Patent & Trademark Office ("USPTO") during the prosecution of the application that led to issuance of the Patent-in-Suit, the patent is so limited that not all of its claims can be properly construed as covering any activity of Reviver.

**NINTH AFFIRMATIVE DEFENSE**

48. Mr. Parker's claims are barred in whole or in part by the equitable doctrines of unclean hands, estoppel, implied license, waiver, acquiescence, and/or other equitable doctrines.

**TENTH AFFIRMATIVE DEFENSE**

49. Mr. Parker's purported claims for damages and other relief resulting from alleged infringement of claims of the Patent-in-Suit as a result of Reviver's actions in conjunction with the actions of other parties, which Reviver specifically denies, are barred to the extent that those parties are licensed to practice the claims of the Patent-in-Suit, or are released from past claims of infringement of the claims of the Patent-in-Suit.

**ELEVENTH AFFIRMATIVE DEFENSE**

50. Mr. Parker's infringement claims are barred in whole or in part to the extent they have been exhausted and/or released by licenses or releases, implied or express, granted to other parties.

**OTHER AFFIRMATIVE DEFENSES RESERVED**

51. Reviver reserves all defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or in the future based on discovery or any other factual investigation in this case.

**PRAYER FOR RELIEF**

WHEREFORE, Reviver respectfully requests the following relief:

A. Dismiss all counts of Mr. Parker's Counterclaims with prejudice and award Mr. Parker nothing by way of his Counterclaims;

B. Permanently enjoin Mr. Parker, his successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the Patent-in-Suit against Reviver or any parents, affiliates, or subsidiaries of Reviver or their respective officers, agents, employees, successors, and assigns;

C. Declare this case to be exceptional under 35 U.S.C. § 285, and enter a judgment awarding Reviver its costs and reasonable attorneys' fees and expert witness fees in this action; and

D. Award Reviver such further relief as the Court may deem just and proper.

**JURY DEMAND**

Reviver hereby demands a jury trial on all issues and claims so triable.

Dated: May 7, 2021

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: */s/ Michael E. Zeliger*
MICHAEL E. ZELIGER
AUDREY LO

Attorneys for Plaintiff ReviverMx, Inc.